UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
01 MAY 22 PM 4:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., | } } } |
| Plaintiff, | } } |
| v. | } } CASE NO. CV 00-B-0406-NW |
| HAMILTON, LLC; RICHARD J. WEBSTER; WILLIAM WEBSTER, | } } } |
| Defendants. | } |

**ENTERED**
MAY 2? 2001

## MEMORANDUM OPINION

This matter is before the court on the Motion for Summary Judgment filed by plaintiff, Ramada Franchise Systems, Inc. ("RFS"), on November 17, 2000. RFS seeks summary judgment against defendants Richard J. Webster and William Webster on a claim for liquidated damages and against Hamilton, LLC with respect to liability for trademark infringement and dilution. In support of its Motion for Summary Judgment, RFS filed a Brief and Evidentiary Submission. Pursuant to the Summary Judgment Scheduling Order, attached as Exhibit A to the court's May 11, 2000, Scheduling Order, the defendants were allowed until December 8, 2000 in which to submit any opposition to the plaintiff's motion. The defendants did not file a response in opposition to the defendant's motion. Upon consideration of the record, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

28

judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to a judgment as a matter of law. Defendants have not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, defendants have failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that plaintiff's Motion for Summary Judgment is due to be granted.

The court specifically finds that the liquidated damages provision between the parties is not a penalty, but rather is enforceable because: (a) the injury for a breach of the parties' agreement would have been difficult or impossible to estimate; (b) the parties intended to provide for damages rather than a penalty; and (c) the sum stipulated as damages was a reasonable pre-breach estimate of the probable loss.

An Order granting plaintiff's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 2nd day of May, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge